UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY


NASRA ELGAWLY,

Plaintiff,

vs.                                                    Case No.:

VALENTINE & KEBARTAS,
INC.,

Defendant.
_____/

## **COMPLAINT**

1.      Plaintiff alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C.

1692 et seq. ("FDCPA").

## JURISDICTION

2.      Jurisdiction of this Court arises under 28 U.S.C. § 1331, 1337, and pursuant to 15

U.S.C. § 1692 et seq. ("FDCPA").

3.      This action arises out of Defendant's violations of the FDCPA, and out of the

invasions of Plaintiff's personal and financial privacy by this Defendant and its agents in its

illegal effort to collect a consumer debt from Plaintiff.

4.      Venue is proper in this District because the acts and transactions occurred here,

Plaintiff resides here, and Defendant transacts business here.

## PARTIES

5.      Plaintiff, Nasra Elgawly, is a natural person who resides in the City of Bayonne,

County of Hudson, State of New Jersey, and is a "consumer" as that term is defined by 15 U.S.C.

§ 1692a(3).

6.      Defendant Valentine & Kebartas, Inc., (hereinafter "Defendant Valentine") is a collection agency operating from an address of 15 Union Street, Lawrence, MA 01840, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

7.      Defendant Valentine regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

8.      Defendant Valentine regularly collects or attempts to collect debts for other parties.

9.      Defendant Valentine is a "debt collector" as defined in the FDCPA.

10.     Defendant Valentine was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

## FACTUAL ALLEGATIONS

11.     Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

12.     Sometime thereafter, the debt was consigned, placed or otherwise transferred to Defendant for collection from this Plaintiff.

13.     Defendant sought to collect from Plaintiff an alleged debt arising from transactions incurred for personal, family or household purposes.

14.     After the initial correspondence with Plaintiff, Defendant has failed to send a letter to Plaintiff notifying her of her rights and privileges under the law.

15.     Defendant has failed to provide any documentation detailing the purchases, payments, interest, and late charges, if any, thereby making it impossible for Plaintiff to determine whether or not he owes the alleged debt and whether the alleged debt was correctly calculated.

<u>COLLECTION CALLS</u>

16.     In or about June, 2011, Defendant Valentine's collectors contacted Plaintiff by telephone in an effort to collect this debt, which was a  "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

17.     During this June, 2011 call, Defendant left a voice mail on Plaintiff's answering machine, and failed to identify himself as a debt collector.

<u>SUMMARY</u>

18.     All of the above-described collection communications made to Plaintiff by Defendant Valentine, and collection employees employed by Defendant Valentine, were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692(d)6, and 1692e(11).

19.     During its collection communications, Defendant and the individual debt collectors employed by Defendant Valentine failed to provide Plaintiff with the notice required by 15 U.S.C. § 1692(d) 6, and 1692e(11), amongst others.

20.     The above-detailed conduct by this Defendant of harassing Plaintiff in an effort to collect this debt were violations of numerous and multiple provisions of the FDCPA, including but not limited to all of the above mentioned provisions of the FDCPA.

<u>TRIAL BY JURY</u>

21.     Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.  US Const. amend. 7.  Fed.R.Civ.P. 38.

CAUSES OF ACTION

COUNT 1

VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
15 U.S.C. § 1692 et seq.

22.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

23.     The foregoing acts and omissions of the Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

24.     As a result of the Defendant's violations of the FDCPA, Plaintiff is entitled to statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from the Defendant herein.

COUNT 2

FAILURE TO DISCLOSE STATUS AS A DEBT COLLECTOR

25.     Defendant failed to disclose in the telephone messages that it is a debt collector in violation of 15 U.S.C. 1692e(11).

COUNT 3

FAILURE  TO MAKE MEANINGFUL DISCLOSURE OF IDENTITY

26.     Defendant placed telephone calls to Plaintiff without making meaningful disclosures of its identity when it failed to disclose that they were debt collectors, and the purpose of Defendant's communications in the telephone messages in violation of 15 U.S.C. 1692d(6).

<u>COUNT 4</u>

<u>VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT</u>
<u>15 U.S.C. § 1692g</u>

27.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

28.     Defendant violated §1692g of the FDCPA by failing to send written notification, within five (5) days after its initial communication with Plaintiff, advising Plaintiff of her rights to dispute the debt or request verification of the deft.

29.     Defendant acted in an otherwise deceptive, unfair and unconscionable manner and failed to comply with the FDCPA.

<u>COUNT 5</u>

<u>VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT</u>
<u>15 U.S.C. § 1692f</u>

30.     Upon information and belief, Defendant has attempted to collect a debt in which the amount sought was not expressly authorized by the agreement creating the debt or permitted by law.

<u>COUNT 6</u>

<u>VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT</u>
<u>15 U.S.C. § 1692e</u>

31.     Defendant has falsely represented the amount of debt allegedly due.

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment in favor of Plaintiff and against Defendant for:

A)     Damages and

B)     Attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against the Defendant.


Dated:  July 5, 2011                              Respectfully submitted,


                                                  /s Andrew I. Glenn
                                                  Andrew I. Glenn
                                                  E-mail:  AGlenn@cardandglenn.com
                                                  Florida Bar No.:  026491992
                                                  Card & Glenn, P.A.
                                                  660 Newark Avenue, Floor 3
                                                  Jersey City, New Jersey 07306
                                                  Telephone:  (201) 254-5009
                                                  Facsimile:   (201) 643-5959
                                                  Attorneys for Plaintiff